# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS
# EAST ST. LOUIS DIVISION

| | |
|---|---|
| PAULA REYNOLDS, | CIVIL ACTION |
| Plaintiff, | |
| v. | COMPLAINT 3:19-cv-00042 |
| ALLIED INTERSTATE, LLC, | JURY TRIAL DEMANDED |
| Defendant. | |

## COMPLAINT

**NOW COMES** Paula Reynolds ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of Allied Interstate, LLC ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692, violations of the Telephone Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. §227, Invasion of Privacy ("IOP"), Intentional Infliction of Emotional Distress ("IIED"), and Trespass to Chattels ("TTC").

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the FDCPA, TCPA, and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Southern District of Illinois, Plaintiff resides in the Southern District of Illinois, and a

substantial portion of the events or omissions giving rise to the claims occurred within the Southern District of Illinois.

**PARTIES**

4. Plaintiff is a natural person over 18-years-of-age who is a "consumer" as the term is defined by 15 U.S.C §1692a(3), and is a "person" as defined by 47 U.S.C. §153(39).

5. Defendant is a debt collector with its principal place of business located at 7525 West Campus Road, New Albany, Ohio 43054. The principal purpose of Defendant's business is the collection of consumer debts. Defendant collects or attempts to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others using the mail and telephone, including consumers in the State of Illinois.

6. Defendant's registered agent in Illinois is located 208 South LaSalle Street Suite 814, Chicago, Illinois 60604.

**FACTS SUPPORTING CAUSES OF ACTION**

7. In early 2018, Plaintiff began receiving unsolicited phone calls to her cellular phone number from Defendant, who was attempting to collect on a defaulted credit card debt Plaintiff allegedly incurred ("subject debt"), for which Defendant acquired the right to collect on.

8. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, possessor, and operator of the cellular telephone ending in 2510. Plaintiff is and always has been financially responsible for her cellular phone and its services.

9. Around June 2018, Plaintiff answered a phone call from a representative of Defendant, during which they demanded Plaintiff make a payment on the subject debt. Plaintiff instructed Defendant's representative to stop calling her cellular phone.

10. Defendant failed to acquiesce to Plaintiff's demand that it stop calling her cellular phone and continued to call Plaintiff.

11. Notwithstanding Plaintiff's request that Defendant's collection calls cease, Defendant placed or caused to be placed no less than 208 calls to Plaintiff's cellular telephone between June 2018 and the present day, in an attempt to collect on the subject debt.

12. Plaintiff's demands that Defendant's phone calls cease fell on deaf ears and Defendant continued its phone harassment campaign.

13. In the calls that Plaintiff did answer, Plaintiff was greeted by a noticeable period of "dead air" while Defendant's automated telephone system attempted to connect Plaintiff to a live agent.

14. Specifically, there would be an approximate 2 second pause between the time Plaintiff said "hello," and the time that a live agent introduced them self as a representative of Defendant.

15. Moreover, Plaintiff also heard what sounds to be call center noise in the background of Defendant's phone calls.

16. The phone number that Defendant most often uses to contact Plaintiff is (866) 466-4502, but upon information and belief, Defendant's collection department may have used other phone numbers to contact Plaintiff.

17. Upon information and belief, Defendant placed its calls to Plaintiff's cellular telephone number using an automated telephone dialing system, a telephone dialing system that is commonly used in the debt collection industry to collect defaulted debts.

### DAMAGES

18. Defendant's harassing phone calls have severely disrupted Plaintiff's daily life and general well-being.

19. Defendant's phone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, intrusion upon and occupation of Plaintiff's cellular telephone capacity, wasting Plaintiff's time, the increased risk of personal injury resulting from the distraction caused by the phone calls, aggravation that accompanies unsolicited telephone calls, emotional distress, mental anguish, anxiety, loss of concentration, diminished value and utility of telephone equipment and telephone subscription services, the loss of battery charge, and the per-kilowatt electricity costs required to recharge her cellular telephone as a result of increased usage of her telephone services.

20. In addition, each time Defendant placed a telephone call to Plaintiff's cellular phone, Defendant occupied Plaintiff's telephone number such that Plaintiff was unable to receive other phone calls.

21. Concerned about the violations of her rights and invasion of her privacy, Plaintiff was forced to seek the assistance of counsel to file this action to compel Defendant to cease its unlawful conduct.

## COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

22. Plaintiff restates and realleges paragraphs 1 through 21 as though fully set forth herein.

23. Defendant placed or caused to be placed numerous non-emergency calls, including but not limited to the calls referenced above, to Plaintiff's cellular telephone using an automatic telephone dialing system ("ATDS") without her prior express consent in violation of 47 U.S.C. §227(b)(1)(A)(iii).

24. The TCPA defines ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers." 47 U.S.C. §227(a)(1).

25. Upon information and belief, based on the lack of prompt human response during the phone calls in which Plaintiff answered, Defendant used an ATDS to place calls to Plaintiff's cellular telephone.

26. Upon information and belief, the ATDS employed by Defendant transfers the call to a live agent once a human voice is detected, thus resulting in a pause after the called party speaks into the phone.

27. Defendant violated the TCPA by placing no less than 208 harassing phone calls to Plaintiff's cellular telephone from June 2018 through the present day, using an ATDS without her prior consent.

28. Any prior consent, if any, was revoked by Plaintiff's verbal revocation. Specifically, Plaintiff verbally revoked prior consent to be called on her cellular phone around June 2018.

29. As pled above, Plaintiff was severely harmed by Defendant's collection calls to her cellular phone.

30. Upon information and belief, Defendant has no system in place to document and archive whether it has prior consent to contact consumers on their cellular phones.

31. Upon information and belief, Defendant knew its collection practices were in violation of the TCPA, yet continued to employ them to increase profits at Plaintiff's expense.

32. Defendant, through its agents, representatives, vendors, subsidiaries, and/or employees acting within the scope of their authority acted intentionally in violation of 47 U.S.C. §227(b)(1)(A)(iii).

33. Pursuant to 47 U.S.C. §227(b)(3)(B), Defendant is liable to Plaintiff for a minimum of $500 per call. Moreover, pursuant to 47 U.S.C. §227(b)(3)(C), Defendant's willful and knowing

violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. §227(b)(3)(C).

**WHEREFORE**, Plaintiff, PAULA REYNOLDS, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Enjoining Defendant from contacting Plaintiff; and

d. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

34. Plaintiff restates and realleges paragraphs 1 through 33 as though fully set forth herein.

35. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

36. The alleged subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

37. Defendant is a "debt collector" as defined by §1692a(6) because its primary business is the collection of delinquent debts and it regularly collects debts and uses the mail and/or the telephones to collect delinquent accounts allegedly owed to a third party.

38. Moreover, Defendant is a "debt collector" because it acquired rights to the subject debt after it was allegedly in default. 15 U.S.C. §1692a(6).

39. Defendant used the telephone to attempt to collect the subject debt and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

40. Defendant's communications to Plaintiff were made in connection with the collection of the subject debt.

41. Defendant violated 15 U.S.C. §§1692c(a)(1), d, and d(5), through its unlawful debt collection practices.

  a. **Violations of FDCPA § 1692c**

42. Defendant violated §1692c(a)(1) when it continuously called Plaintiff after being notified to stop. This repeated behavior of continuously and systematically calling Plaintiff's cellular phone over and over after she demanded that it cease contacting her was harassing and abusive. Even after being told to stop contacting her, Defendant continued its onslaught of phone calls with the specific goal of oppressing and abusing Plaintiff into paying the subject debt.

43. Furthermore, Defendant has relentlessly called Plaintiff on numerous occasions without her prior consent. The nature and frequency of the calls show that Defendant willfully ignored Plaintiff's pleas with the goal of annoying and harassing her into submission.

44. Defendant was notified by Plaintiff that its calls were not welcomed. As such, Defendant knew that its conduct was inconvenient, unwanted, and distressing to her.

  b. **Violations of FDCPA § 1692d**

45. Defendant violated §1692d by engaging in abusive, harassing, and oppressive conduct by relentlessly calling Plaintiff's cellular phone without her prior consent seeking immediate payment on the subject debt. Moreover, Defendant continued placing the relentless calls after Plaintiff demanded that the calls cease.

46. Defendant violated §1692d(5) by causing Plaintiff's cellular phone to ring repeatedly and continuously in an attempt to engage Plaintiff in conversations regarding the collection of the subject debt with the intent to annoy, abuse, or harass Plaintiff. Specifically, Defendant placed or caused to be placed no less than 208 harassing phone calls to Plaintiff's cellular telephone in a short span, using an ATDS without her express consent.

47. As an experienced debt collector, Defendant knew or should have known the ramifications of collecting on debts through incessant harassing phone calls to the cellular phones of consumers, including Plaintiff.

48. Upon information and belief, Defendant systematically places unsolicited and harassing debt collection calls without prior consent to consumers in Illinois in order to aggressively collect debts allegedly in default to increase its profitability at the consumers' expense.

49. As stated above, Plaintiff was severely harmed by Defendant's conduct.

**WHEREFORE**, Plaintiff PAULA REYNOLDS respectfully requests that this Honorable Court:

   a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

   b. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;

   c. Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and

   d. Award any other relief as the Honorable Court deems just and proper.

### COUNT III-INVASION OF PRIVACY-INTRUSION UPON SECLUSION

50. Plaintiff restates and realleges paragraphs 1 through 49 as though fully set forth herein.

51. Defendant, through its collection conduct, has repeatedly and intentionally invaded Plaintiff's privacy.

52. Defendant's persistent and unwanted autodialed phone calls to Plaintiff's cellular phone eliminated her right to be left alone.

53. Moreover, Defendant's behavior in continuously contacting Plaintiff by phone at different times throughout the day, was highly intrusive and invasive.

54. All of the calls made to Plaintiff's cellular phone were made in violation of the TCPA, and were unreasonable and highly offensive invasions of Plaintiff's right to privacy.

55. The constant unauthorized prying into Plaintiff's seclusion was highly offensive to Plaintiff and this intrusion would be objectionable to any reasonable person.

56. Defendant's unsolicited phone harassment campaign severely disrupted Plaintiff's privacy, disrupted Plaintiff's sleep, overall focus, and continually frustrated and annoyed Plaintiff into submission.

57. These persistent collection calls eliminated the peace and solitude that Plaintiff would have otherwise had in Plaintiff's home and anywhere else Plaintiff went with her cellular phone.

58. By continuing to call Plaintiff in an attempt to dragoon Plaintiff into making a payment on the subject debt, Plaintiff had no reasonable escape from these incessant calls.

59. As detailed above, by persistently autodialing Plaintiff's cellular phone without her prior express consent, Defendant invaded Plaintiff's right to privacy, as legally protected by the TCPA, and caused Plaintiff to suffer concrete and particularized harm.

60. Defendant's relentless collection conduct and tactic of repeatedly auto dialing Plaintiff's cellular phone after she requested that these calls cease is highly offensive to a reasonable person.

61. Defendant intentionally and willfully intruded upon Plaintiff's solitude and seclusion.

**WHEREFORE**, PAULA REYNOLDS, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff actual damages;

c. Award Plaintiff punitive damages;

d. Award Plaintiff her reasonable attorney's fees & costs;

e. Enjoining Defendant from contacting Plaintiff; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT IV-INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

62. Plaintiff restates and realleges paragraphs 1 through 61 as though fully set forth herein.

63. To state a claim for intentional infliction of emotional distress, a plaintiff must allege (1) the defendant engaged in extreme and outrageous conduct; (2) the defendant engaged in such conduct recklessly or with the intent of causing the plaintiff severe emotional distress; (3) that the plaintiff suffered severe or extreme emotional distress, and (4) the defendant's conduct caused the plaintiff to suffer severe emotional distress. Public Finance Corp. v. Davis, 66 Ill. 2d 85 (1976).

64. Defendant intentionally engaged in extreme and outrageous conduct when Defendant incessantly tried to dragoon the Plaintiff into making payments on the subject debt via intrusions and harassment carried out during the phone calls to Plaintiff's cellular phone.

65. Defendant knew that its relentless phone calls would inflict severe emotional distress on Plaintiff and Plaintiff's general well-being.

66. Defendant knew or should have known that Plaintiff had revoked consent to be contacted by any means.

67. Defendant's conduct was designed to cause severe emotional distress to the Plaintiff.

68. Defendant intentionally caused Plaintiff's emotional distress by way of numerous harassing phone calls at all hours of the day, whether Plaintiff was at home or elsewhere, in an attempt to coerce Plaintiff into making a payment.

69. Defendant's actions were designed to instill fear and emotional distress upon Plaintiff.

70. Defendant's intentional or reckless conduct caused severe emotional distress to Plaintiff.

71. Plaintiff suffered an emotional response to Defendant's conduct that resulted in exasperation of Plaintiff's stress.

72. As stated above, Plaintiff has suffered damages from Defendant's outrageous conduct.

**WHEREFORE,** Plaintiff PAULA REYNOLDS respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Enter judgment in her favor and against Defendant;

b. Award Plaintiff her actual damages in an amount to be determined at trial;

c. Award Plaintiff punitive damages in an amount to be determined at trial;

d. Award any other relief this Honorable Court deems equitable and just.

**COUNT V-TRESPASS TO CHATTELS**

73. Plaintiff restates and realleges paragraphs 1 through 72 as though fully set forth herein.

74. Trespass to Chattels is defined as the intentional interference with the possession, or physical condition of a chattel in the possession of another, without justification. Prosser, Torts, 64 (2d ed.).

75. "The harm recognized by the ancient common law claim of trespass to chattels — the intentional dispossession of chattel, or the use of or interference with a chattel that is in the possession of another, is a close analog for a TCPA violation." Mey v. Got Warranty, Inc., 193 F.Supp.3d 641, 647 (N.D. W. Va. 2016).

76. Courts have applied this tort theory to unwanted telephone calls and text messages. See Czech v. Wall St. on Demand, 674 F.Supp.2d 1102, 1122 (D.Minn. 2009) and Amos Financial, L.L.C. v. H&B&T Corp., 48 Misc.3d 1205(A), 2015 WL 3953325, at *8 (N.Y.Sup. Ct. June 29, 2015).

77. "Even if the consumer does not answer the call or hear the ring tone, the mere invasion of the consumer's electronic device can be considered a trespass to chattels, just as "plac[ing a] foot on another's property" is trespass." Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1551 (2016) (Thomas, J., concurring).

78. Defendant interfered with Plaintiff's ability to use her cellular phone while it was in her possession.

79. Defendant bombarded Plaintiff with numerous calls, leaving her unable to use or possess her phone in the manner in which she wanted to.

80. Defendant knew or should have known that its phone calls were not consented to, as Plaintiff stated that Defendant must cease contacting her on at least two occasions.

81. Defendant caused damage to Plaintiff's phone, including, but not limited to, the wear and tear caused to her cellular telephone, the loss of battery charge, and the loss of battery life.

82. Plaintiff also suffered damages in the form of stress, anxiety, and emotional distress, from Defendant's continuous interference with her possession of her cellular phone.

**WHEREFORE,** Plaintiff PAULA REYNOLDS respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Enter judgment in her favor and against Defendant;
b. Award Plaintiff her actual damages in an amount to be determined at trial;
c. Award Plaintiff punitive damages in an amount to be determined at trial;
d. Enjoining Defendant from contacting Plaintiff;
e. Award any other relief this Honorable Court deems equitable and just.

**Plaintiff demands trial by jury.**

Dated: January 15, 2019                                   Respectfully Submitted,

/s/ Alexander J. Taylor
Alexander J. Taylor, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
ataylor@sulaimanlaw.com